UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK HERING,

    Plaintiff,

v.                         Case No. 8:17-cv-1439-T-33MAP

HALSTED FINANCIAL SERVICES,
LLC,

    Defendant.
_____/

## Order

This matter comes before the Court in consideration of Plaintiff Mark Hering's Motion for Final Default Judgment (Doc. # 12), filed on August 3, 2017, and Notice of Clarification (Doc. # 14), filed on September 27, 2017. The Court grants the Motion as set forth herein.

### I. Background

On June 12, 2017, Mark Hering filed this action against Defendant Halsted Financial Services, LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. (TCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 et seq. (FCCPA). (Doc. # 1).

According to the Complaint, between September 2016 and November 2016, Defendant Halsted Financial Services used an automatic telephone dialing system (ATDS) to place twenty calls to Hering's cell phone. (Doc. # 1 at ¶ 17; Doc. # 12-1 at ¶ 5). The Complaint alleges that Halsted Financial Services called Hering to collect an outstanding consumer debt Hering allegedly owed. (Doc. # 1 at ¶¶ 9, 14). Hering asserts Halsted Financial Services "did not have [his] express consent to make any of the telephone calls" and further claims that he expressly revoked consent for Halsted Financial Services to call his cell phone during one call. (Id. at ¶¶ 19, 22). But, Halsted Financial Services "repeatedly and continuously" called Hering and informed him that it would continue to call. (Id. at ¶ 63).

Hering initiated this action and subsequently effected service on Halsted Financial Services on June 22, 2017. (Doc. # 6). Halsted Financial Services failed to timely appear and respond. As a result, Hering applied for Clerk's entry of default on July 17, 2017. (Doc. # 8). On July 18, 2017, the Clerk entered default against Halsted Financial Services. (Doc. # 9). Hering's Motion for Final Default Judgment followed on August 3, 2017. (Doc. # 12).

Because there were discrepancies between Hering's Motion and the call chart attached to the Motion, the Court directed Hering to "specifically identify each call for which Hering is seeking damages and during which call Hering revoked consent to be called." (Doc. # 13). On September 27, 2017, Hering filed his Notice of Clarification in support of the Motion. (Doc. # 14). In the Notice, Hering clarifies he "is seeking damages for each of the calls that [Halsted Financial Services] placed to his cellular telephone" because Hering never gave Halsted Financial Services prior express consent to call him. (Id. at 1). Hering identifies a total of fourteen calls Halsted Financial Services placed to him between September 13, 2016, and November 16, 2016. (Id. at 1-2).

During an October 8, 2016, phone call, Hering "demanded [Halsted Financial Services] stop calling his cellular phone and revoked any prior express consent [Halsted Financial Services] believed it had to call" him. (Id. at 2). Yet, in response, the representative for Halsted Financial Services "said that it would continue to call [Hering's] cellular telephone to collect the alleged consumer debt." (Id.). Because Hering reiterated that Halsted Financial Services lacked consent to call him on October 8, 2016, Hering contends

the nine calls placed thereafter were knowing violations of the TCPA that merit trebles damages. (Id. at 3).

## II. **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirectTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## III. Analysis

### A. TCPA

#### 1. Liability under the TCPA

The relevant portion of the TCPA provides:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States . . . .

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .

> iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States . . .

47 U.S.C. § 227(b)(1)(A)(iii).

In his Complaint and Motion, Hering claims that between September 2016 and November 2016, Halsted Financial Services used an ATDS to place twenty calls to his cell phone. (Doc. # 1 at ¶ 17; Doc. # 12-1 at ¶ 5). But, in his Notice of Clarification, Hering identifies only fourteen calls placed to his cell phone for which he is seeking damages. (Doc. # 14 at 1-2). Hering asserts that Halsted Financial Services never

had prior express consent to call his cell phone, rendering all fourteen calls violations of the TCPA. (Id. at 1-3; Doc. # 1 at ¶ 19). Because Hering demanded the calls stop during the October 8, 2016, call, but was told by a Halsted Financial Services representative that the calls would continue, Hering argues the nine calls after October 8, 2016, were knowing violations of the TCPA. (Doc. # 14 at 3).

Hering claims he knew Halsted Financial Services used an ATDS because he heard a pause during the call before a live representative came on the phone line. (Doc. # 1 at ¶ 26; Doc. # 12-1 at ¶ 10). Hering further claims the calls from Halsted Financial Services were not for emergency purposes and Halsted Financial Services willfully and knowingly placed the calls to Hering's cell phone. (Doc. # 1 at ¶¶ 24-25).

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint, the Motion and its attachments, and the Notice of Clarification, the Court determines that the Motion should be granted.

**2. Damages under the TCPA**

Regarding damages available for a violation of the statute, the TCPA provides in relevant part:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . .

> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . . If the Court finds that the defendant willfully or knowingly violated this subsection, the court may in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Hering requests an award of statutory damages in the amount of $16,000 for violations of the TCPA. (Doc. # 14 at 4). Specifically, Hering requests $500.00 in statutory damages for Defendant's first five calls. For the subsequent nine calls made after Hering again revoked his consent to be contacted, he seeks an award of $1,500.00 because those calls were knowing or willful violations of the TCPA. This totals $13,500.00 in treble damages for those nine calls. The Court finds this calculation appropriate. See Tacorante v. Tate & Kirlin Assocs., No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, at *8 (M.D. Fla. Nov. 8, 2013)(finding $11,000, representing "$500 for the first call and $1,500 each for seven additional willful telephone calls," to be an appropriate award in light of the defendant's willful or knowing failure to comply with the TCPA).

This amount is capable of accurate and ready mathematical computation or ascertainment from Hering's exhibits and Notice of Clarification. Specifically, Hering provided a chart documenting the call activity between himself and Halsted Financial Services, out of which Hering identifies fourteen unlawful incoming or missed calls in his Notice of Clarification. (Doc. # 12-1 at 7; Doc. # 14 at 1-2). The Court accordingly finds in favor of Hering in the amount of $16,000.00 for the TCPA claim.

### B. FDCPA

#### 1. Liability under the FDCPA

To state a claim under the FDCPA, the plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d. 1361, 1366 (M.D. Fla. 2003)(quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). The Court addresses each factor in turn.

##### a. Collection Activity Arising from Consumer Debt

There are two requirements for the initial determination that Hering was the object of collection activity arising

from a consumer debt. Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2001). There must be (1) collection activity (2) that relates to a consumer debt. Id.

The "FDCPA does not specifically define 'collection activity.'" LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010). Nonetheless, "[w]hile the statute contains no clear definition of what constitutes a 'debt collection activity,' courts, in attempting to effect the purpose of the FDCPA, are lenient with its application." Sanz v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citing Heintz v. Jenkins, 514 U.S. 291, 293-96 (1995)).

The Complaint alleges that Halsted Financial Services placed at least twenty calls to Hering's cell phone to collect an outstanding debt, (Doc. # 1 at ¶¶ 9, 14), and the Notice of Clarification specifically identifies fourteen such calls as the basis for Hering's claims, (Doc. # 14 at 1-2). These telephonic communications, therefore, constitute collection activity.

The Court next turns to whether the collection activity was aimed at collecting a consumer debt. Pursuant to 15 U.S.C. § 1692a(5), a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . .

9

. [that is] primarily for personal, family or household purposes." Thus, the FDCPA is limited to "consumer debt," Heinz, 514 U.S. at 293, and does not cover business debts, Lingo v. City of Albany Dep't of Cmty & Econ. Dev., 195 F. App'x 891, 893 (11th Cir. 2006).

Hering's Complaint asserts Halsted Financial Services called Hering to collect an outstanding debt, (Doc. # 1 at ¶ 9), and that this alleged debt was for "personal, family, or household purposes." (Doc. # 12-1 at ¶ 4). Upon consideration, the Court finds that the well-pled allegations in the Complaint demonstrate that the alleged debt constituted a consumer debt. Accordingly, Hering has established the first element of the FDCPA claim — there was collection activity for a consumer debt.

### b. Debt Collector

A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

According to the Complaint, Halsted Financial Services is a "debt collector" (Doc. # 1 at ¶ 51), which made calls to

Hering to collect an outstanding debt. (Id. at ¶ 9). Taking the well-pled allegations in the Complaint as true, Hering has established that Halsted Financial Services was a debt collector, and thus, Hering has satisfied the second element of the FDCPA claim.

### c. Acts Prohibited under the FDCPA

In his Motion, Hering indicates that Halsted Financial Services violated 15 U.S.C. § 1692d generally and 15 U.S.C. § 1692d(5) specifically. Section 1692(d) states: A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692(d). Section 1692(d) lists examples of conduct that violated this section, including: "(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

The Complaint alleges that Halsted Financial Services "generally violated 15 U.S.C. § 1692d by repeatedly calling Mr. Hering's cell phone and informing him that they would continue to do so after he had asked them to stop, the natural consequence of which is to harass, oppress, or abuse Mr. Hering." (Doc. # 1 at ¶ 52); see also (Doc. # 14 at

11

3)("[Halstead Financial Services'] continued phone calls after [] Hering demanded that the calls stop, in addition to [Halsted Financial Services'] statement that the calls would continue despite [] Hering's demand, violated the FDCPA and the FCCPA."). Furthermore, the Complaint alleges that Halsted Financial Services "specifically violated 15 U.S.C. 1692d(5) by causing Mr. Hering's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Mr. Hering." (Doc. # 1 at ¶ 52).

Accordingly, as the well-pled allegations demonstrate the elements necessary to prove a FDCPA claim, Hering has established he is entitled to a default judgment against Halsted Financial Services on his FDCPA claim.

### 2. Damages under the FDCPA

Regarding damages, 15 U.S.C. § 1692k provides:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00 . . .

> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . .
>
> (b) Factors considered by court
>
> In determining the amount of liability in any action under subsection (a) of the section, the court shall consider, among other relevant factors—
>
>> (1) In any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . .

15 U.S.C. § 1692k.

Hering requests an award of statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A) for violation of the FDCPA. Hering's Complaint demonstrates that Halsted Financial Services persisted in contacting Hering after he requested that the calls stop. Therefore, Hering is entitled to the maximum statutory damages of $1,000 for Halsted Financial Services' violations of the FDCPA.

### C. FCCPA

#### 1. Liability under the FCCPA

To state a claim under the FCCPA, the plaintiff must prove that the defendant:

> (7) Willfully communicate[d] with the debtor or any member of her of his family with such frequency as can reasonably be expected to harass the debtor or her or

his family, or willfully engaged[d] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

The Complaint alleges Halsted Financial Services "call[ed] Mr. Hering's cellular phone repeatedly and continuously and inform[ed] Mr. Hering that [it] would continue to call him repeatedly despite his request to cease calling." (Doc. # 1 at ¶ 63). And the Notice of Clarification identifies nine calls that were placed to Hering after Hering demanded the calls stop. (Doc. # 14 at 3). Therefore, the Court finds that the well-pled allegations, taken as true, establish a violation of section 559.72(7) of the FCCPA.

### 2. Damages under the FCCPA

Section 559.77(2) states in pertinent part:

> Any person who fails to comply with any provision of [Fla. Stat. § 559.72] is liable for actual damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with [Fla. Stat. § 559.72], the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional . . .

Fla. Stat. § 559.77(2).

Hering requests an award of $1,000.00 in statutory damages under section 559.77(2) and the Court agrees Hering

is entitled to that amount for Halsted Financial Services' violation of the FCCPA.

   D. **Attorney's Fees**

Hering further requests an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2). (Doc. # 12 at 12-13). Hering's counsel contends that she has incurred $3,930.00 in reasonable attorney's fees to date. (Doc. # 12-2 at ¶ 9). Specifically, Hering seeks attorney's fees for: attorney Kaelyn Steinkraus for 4.4 hours at the rate of $250.00 per hour; managing partner Michael Ziegler for 2.7 hours at the rate of $350.00 per hour; a paralegal for 1.4 hours at a rate of $125.00 per hour; and law clerks for 11.4 hours at a rate of $150.00 per hour. (Id. at ¶¶ 4-8). Furthermore, Hering's counsel requests an award of costs in the amount of $460.00, for filing and service fees. (Id. at ¶ 11). Thus the total requested award for attorney's fees and costs is $4,390.00.

Courts are afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cty., 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. Id. If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Hering's counsel appropriately provided a declaration of attorney's fees and costs for this Court's review and attests that the fees are reasonable based on her experience. (Doc. # 12-2 at ¶¶ 4-12; Exhibit A). The Court agrees and awards $4,390 in attorney's fees and costs.

**IV. Conclusion**

The Court determines Hering is entitled to $16,000 in statutory damages under the TCPA, $1,000 in statutory damages under the FDCPA, $1,000 in statutory damages under the FCCPA, and $4,390 in reasonable attorney's fees and costs under Fla. Stat. § 559.77 and 15 U.S.C. § 1692k. Therefore, the total

award is $22,390. The Court declines to retain jurisdiction to increase the statutory damages award in the event Hering should submit any further call records, as Hering requests.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Mark Hering's Motion for Entry of Final Default Judgment (Doc. # 12) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $22,390.00 and thereafter to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chamber in Tampa, Florida, this <u>2nd</u> day of October, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE